**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MONICA MARGARETHE SHIRLEY,
*Petitioner / Mother,*

v.

WAYNE R. SHIRLEY,
*Respondent / Father.*

Civil Action No.:
8:26cv-1964-WFJ-CPT

JUL 9 2026 PM 1:24
FILED - USDC - FLMD - TPA

# VERIFIED PETITION FOR ICARA / HAGUE ARTICLES 21 AND 29 ACCESS RIGHTS

### Time-Sensitive Motion for Expedited Status Conference and Neutral Access Arrangements

Petitioner/Mother Monica Margarethe Shirley, appearing pro se, files this verified petition under the International Child Abduction Remedies Act (ICARA), 22 U.S.C. Section 9003(b), and Hague Convention Articles 21 and 29. Mother asks only for arrangements organizing or securing effective exercise of rights of access to minor child C.S.

This filing stays in a narrow access-rights lane. It does not ask the federal Court to decide divorce, property, support, sanctions, punishment, contempt, custody transfer, return of the child to Germany, private pickup, or self-help. It asks for a lawful, neutral, child-focused access bridge and child-status information needed to exercise access.

## I. Parties, privacy, jurisdiction, and venue

1. Mother is C.S.'s mother. Mother alleges that her parent-child access rights have not been terminated, abandoned, or knowingly surrendered.

2. Respondent/Father is Wayne R. Shirley. Mother believes Father and C.S. are located in Florida, within or near the Middle District of Florida, Tampa Division, or within reach of this Court for ICARA access arrangements.

3. The child is identified publicly only as C.S. Mother asks for protected handling before any unredacted child identifiers, location, school, medical, therapy, DCF/CPS, DV/shelter, photographs, foreign records, or translations are filed publicly.

4. Mother uses this mailing address for court papers: Monica Margarethe Shirley, c/o HOPE DV / Family Services, Attn: Kim Welcome, P.O. Box 1624, Bradenton, FL 34206. Mother uses e-service email hibymo@aol.com.

5. Mother can appear in person if the Court wishes, or by any other method the Court orders. Mother will not approach the marital home / former marital residence, attempt private pickup, or bypass the Court.



**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MONICA MARGARETHE SHIRLEY,
*Petitioner / Mother,*

Civil Action No.:
8:26-cv-1964-WFJ-CPT

v.

WAYNE R. SHIRLEY,
*Respondent / Father.*

## II. Legal basis and concise authorities

6. ICARA authorizes a civil action for arrangements organizing or securing effective exercise of rights of access in a court with jurisdiction where the child is located. 22 U.S.C. Section 9003(b). For an access action, the petitioner must prove access rights by a preponderance of the evidence. 22 U.S.C. Section 9003(e)(1)(B).

7. Hague Convention Article 5(b) defines rights of access; Article 21 concerns arrangements for organizing or securing effective exercise of access rights; and Article 29 preserves direct applications to judicial authorities for breach of custody or access rights.

8. ICARA states that United States courts determine rights under the Convention and not the merits of any underlying child-custody claim. 22 U.S.C. Section 9001(b)(4).

9. Relevant authorities include Abbott v. Abbott, 560 U.S. 1, 12-13 (2010) (Convention definitions control and distinguish custody and access rights); Baran v. Beaty, 526 F.3d 1340, 1344 (11th Cir. 2008) (Convention court does not decide custody merits); Pfeiffer v. Bachotet, 913 F.3d 1018, 1023-24 (11th Cir. 2019) (Convention treats custody rights and access rights differently and promotes peaceful enjoyment of access rights); and Ozaltin v. Ozaltin, 708 F.3d 355, 371-72 (2d Cir. 2013) (persuasive authority recognizing a federal ICARA action to enforce Hague access rights).

## III. Access-only factual allegations

10. Mother alleges Florida was C.S.'s home and ordinary child-life base. Mother alleges that Germany involved temporary family, COVID-era, border/passport, safety, order/litigation, and survival circumstances. Mother further alleges that any Germany-return context was disputed, pressured, forced by circumstances and orders, and under protest - not a voluntary surrender of Florida/U.S. residence, parent-child access, service objections, or source-record objections.

11. Mother does not ask this Court to decide habitual residence or custody merits in this access petition. Mother does not ask for return to Germany and does not concede that any return to Germany was voluntary, lawful, or consented to.

12. Mother alleges that on or about October 2, 2020, Father removed or retained C.S. contrary to Mother's understanding of the HKU / EAUG source-record chain, and that Mother-child access then became a practical total blackout.

13. German source-record papers exist in separate lanes: HKU return matter 1 UF 191/20 / 451 F 71/20 HKU and EAUG / Umgang access-contact matter 1 UF 183/20 / 451 F 94/20 EAUG. Mother offers those papers only as disputed source-record and access-context materials. They are not offered as an admission that Germany was the child's habitual residence, not a concession that any return to Germany was voluntary or lawful, and not a request that the child or Mother be returned to Germany.

3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MONICA MARGARETHE SHIRLEY,                    Civil Action No.:
*Petitioner / Mother,*                        _____

v.

WAYNE R. SHIRLEY,
*Respondent / Father.*

### III. Access-only factual allegations - continued

14. On or about October 16, 2020, the Florida temporary order-chain placed Mother's time-sharing through a supervised provider path, including Kids and Families Matter. Mother alleges this access structure later became practically unavailable, unaffordable, provider-dependent, transportation-dependent, and impossible to exercise as a real contact path.

15. Mother repeatedly requested lawful child contact, child-status information, records, video or in-person access, provider information, help making supervised access real, and safe court-organized reunification access. Mother alleges these requests did not create real access.

16. Mother alleges Father has controlled or suppressed child contact over time, including video contact, historical phone attempts, written contact, gifts, letters, and parent-platform communications. In April 2026 Father wrote that the parent platform was between the parents and was not for Mother to communicate with the child.

17. Mother alleges a risk of parental gatekeeping, unilateral narrative control, undue influence, loyalty-conflict pressure, and emotional stress to the child if access remains hosted, coached, monitored, interrupted, recorded, or terminated by Father.

18. Mother therefore does not request phone-only child contact. Mother requests video contact only if it is neutral and court-organized, or in-person supervised/therapeutic contact through a neutral provider.

19. A July 14, 2026 state OSC / possible filing-restriction hearing creates time sensitivity because a broad restriction could practically affect Mother's ability to preserve access, child-status, and source-record issues.

### IV. Claim for access-rights arrangements

20. Mother seeks arrangements for organizing or securing effective exercise of rights of access under ICARA and Hague Article 21. Mother alleges those rights cannot be exercised without a protected child-status protocol, a reliable neutral access bridge, and a currently available supervised or therapeutic pathway if supervision is required.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MONICA MARGARETHE SHIRLEY,                    Civil Action No.:
*Petitioner / Mother,*

_____

v.

WAYNE R. SHIRLEY,
*Respondent / Father.*

## V. Narrow requested relief

1. Open this action as a limited ICARA / Hague Article 21 access-rights case.

2. Set an expedited status conference as soon as practicable, preferably before or near July 14, 2026 if feasible, or on the earliest available date.

3. Direct a protected child-status protocol limited to information necessary to organize access: child location/status, school/enrollment, medical/provider, therapy/contact-readiness, and safe contact logistics.

4. Order a neutral, court-organized video bridge or in-person trauma-informed access bridge for child contact. Mother does not request phone-only child contact and does not request Father-controlled video access.

5. Direct the parties to identify a neutral supervised or therapeutic access provider that is currently available, affordable or fee-waived if possible, and capable of facilitating access without self-help.

6. Order that parent-communication tools such as Our Family Wizard not be treated as a substitute for child contact if lawful neutral video, written, supervised, therapeutic, or in-person contact can be organized.

7. Direct the safest method for filing, lodging, or reviewing Appendix A-G and any unredacted child-sensitive materials.

8. If the Court identifies any pleading defect, allow amendment, correction, severance, or narrowing before dismissal where permitted.

9. Grant any other access-organizing relief the Court finds proper under ICARA / Hague Article 21, without deciding custody merits, habitual-residence merits, or any Germany-return issue.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MONICA MARGARETHE SHIRLEY,                    Civil Action No.:
*Petitioner / Mother,*

        v.

WAYNE R. SHIRLEY,
*Respondent / Father.*

### VI. IFP, service, minor privacy, and Appendix A-G

21. Mother submits AO 239 and asks to proceed without prepaying fees or costs. Mother states that she has no stable income, no reliable transportation, survival-level resources, and no access to Father's current spouse/opposing-party finances. Small family help, gifts, or borrowed survival money should not be treated as disposable income.

22. If IFP is granted and the Court allows this case to proceed, Mother requests service by the U.S. Marshal or another Court-directed method under Federal Rule of Civil Procedure 4. Mother provides AO 440 and USM-285 with this packet to speed lawful service if granted.

23. Mother asks the Clerk or Court to direct the safest protected method before any unredacted child-sensitive material is filed publicly.

24. Appendix A-G is maintained separately and is offered only for access-status context and disputed source-record context. It is not a Germany-return request, not a concession of German habitual residence, and not a surrender of any Florida/U.S. position.

| Tab | Material |
|-----|----------|
| A | German HKU return order 1 UF 191/20 / 451 F 71/20 HKU, with working English translation - disputed source-record only; no Germany-return request or concession. |
| B | German EAUG / Umgang access-contact order-chain 1 UF 183/20 / 451 F 94/20 EAUG, with working English translation - access-contact context only. |
| C | Florida October 16, 2020 amended ex parte / supervised-timesharing order. |
| D | Kids and Families Matter closure / no-services communication. |
| E | April 2026 Father email / OFW communication statement - current access obstacle. |
| F | June 2026 OSC / possible filing-restriction order - urgency and access-to-courts risk. |
| G | One-page access-status timeline and narrow requested relief. |

6

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MONICA MARGARETHE SHIRLEY,                          Civil Action No.:
*Petitioner / Mother,*

_____

v.

WAYNE R. SHIRLEY,
*Respondent / Father.*

## VII. Verification, signature, and initiating-service certificate

Under 28 U.S.C. Section 1746 and under penalty of perjury, I declare that the factual statements in this verified petition and motion are true and correct to the best of my knowledge and belief, except where stated as legal argument, preserved objection, allegation, record characterization, case-law summary, or request for relief.

This petition is filed for access-rights relief only. Mother does not concede German habitual residence, a voluntary or lawful Germany return, a custody transfer, or any return-to-Germany relief. Mother reserves separate service, personal-jurisdiction, UCCJEA/HKU, Florida Section 61.528, state rehearing, appeal, DCA, source-record, citizenship, residence, and Germany-return objections.

Initiating-service certificate: This is an initiating filing to open a new federal civil action. I will serve Respondent/Father by the method permitted or directed by the Clerk, Court, Federal Rules, and any order after the case is opened, summons is issued, and any IFP/service ruling is entered.

Executed on July 9, 2026.

Monica Margarethe Shirley, pro se
c/o HOPE DV / Family Services
Attn: Kim Welcome
P.O. Box 1624
Bradenton, FL 34206
E-service: hibymo@aol.com

7

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

MONIKA MARGARETHE SHIRLEY, Petitioner,

v.

WAYNE R. SHIRLEY, Respondent.

Case No.: _____

# APPENDIX A-G

## to Verified ICARA / Hague Article 21 Access Petition

In-person filing date: July 8, 2026

| Tab | Document |
|-----|----------|
| A | German HKU order, 1 UF 191/20 / 451 F 71/20 HKU, with working English translation summary and German original pages. |
| B | German EAUG / Umgang access-contact order-chain, 1 UF 183/20 / 451 F 94/20 EAUG, with working English translation summary and German original pages. |
| C | Florida October 16, 2020 amended ex parte / supervised-timesharing order. |
| D | Kids and Families Matter May 15, 2023 closure / no-services communication. |
| E | April 12, 2026 Father email / Our Family Wizard communication statement. |
| F | June 16, 2026 order setting July 14, 2026 order-to-show-cause / possible filing-restriction hearing. |
| G | One-page access-status timeline and narrow access-only relief summary. |

Translation status for Tabs A and B: working English translation summaries are provided for record organization. Certified translations may be supplied separately if required.

# TAB A - WORKING ENGLISH TRANSLATION SUMMARY

## German HKU order - 1 UF 191/20 / 451 F 71/20 HKU

**Document:** Higher Regional Court Frankfurt am Main (Oberlandesgericht Frankfurt am Main), Decision, case 1 UF 191/20 / 451 F 71/20 HKU, concerning return of the minor child under the Hague Child Abduction Convention. Decision dated September 17, 2020; issued/stamped September 23, 2020.

**Operative decision:** The appeal of further participant no. 1 against the order of the District Court - Family Court Frankfurt am Main dated August 3, 2020 was dismissed as inadmissible. Further participant no. 1 bears the costs of the appeal proceedings. The value of the appeal proceeding was set at EUR 5,000.

**Participants:** The documents identify Mother as respondent/appellant and Father as applicant/appellee, with counsel and the youth welfare office listed. The matter concerns the return of the child.

**Background described by the court:** The proceeding concerned return of the child to the United States under the Hague Convention. The court describes travel to Germany in 2019, later return-flight postponements, and email statements concerning return arrangements.

**Florida / USA context described by the court:** The court states that before the trip the parents lived together with the child in Florida, that the child has U.S. citizenship, that divorce/custody proceedings were pending in the United States, and that Father requested the child's return to the United States.

**July 3, 2020 agreement described by the court:** The court describes a settlement intended to dispose of Father's temporary access proceeding until return and to dispose of the HKU proceeding. It also describes a waiver provision connected to later issuance of an order if the return flight did not occur.

**August 3, 2020 order described by the court:** After the child was not returned by July 9, 2020 and current travel documents were not available, the District Court issued an order corresponding to Father's application and requiring return of the child to the United States within one week from effectiveness of the order.

**Appeal reasoning:** The Higher Regional Court held the appeal inadmissible based on the waiver of legal remedies in the July 3, 2020 agreement and Father's reliance on that waiver. The court also stated in the alternative that the appeal would have been unfounded.

**Important limiting sentence:** The court stated that severe dangers to the child's physical or emotional well-being were not apparent and that Mother was not required to return to Father; as the District Court correctly stated, Mother was only obligated to return the child to the United States.

**Finality / signatures:** The cost decision cites German statutory provisions. The decision states that it cannot be appealed and bears the signatures of Prof. Dr. Heilmann, Wegener, and Gottschalk, with issuance stamp dated September 23, 2020.

1 UF 191/20
451 F 71/20 HKÜ
Amtsgericht Frankfurt/Main



# OBERLANDESGERICHT FRANKFURT AM MAIN

## BESCHLUSS

In der Familiensache

betreffend die Rückführung von

**Chantalle Jennifer Shirley**, geb. am 18.04.2015,

- Verfahrensbeiständin:
  Rechtsanwältin Kyra Nehls, Steingasse 2, 61184 Karben,

weitere Beteiligte:

1. Monika Margarethe Mavill, geb. Mavill, c/o Mavill, Mittlerer Hasenpfad 41, 60598 Frankfurt am Main,

Antragsgegnerin und Beschwerdeführerin,

- Verfahrensbevollmächtigte:
  Rechtsanwältin Dr. Helga Müller, Ziegelhüttenweg 19, 60598 Frankfurt am Main,

2. Wayne Robert Shirley, 14779 1ST Avenue East, USA 34212 Brandenton, Florida, USA,

Antragsteller und Beschwerdegegner,

- Verfahrensbevollmächtigter:
  Rechtsanwalt Harald Weisker, Jahnstraße 14, 63110 Rodgau, Geschäftszeichen: W/h 46/20

Beschluss mit vollem Rubrum (EU_UB_00.dot)

- 2 -

<u>Zuständiges Jugendamt:</u> Jugend- und Sozialamt Frankfurt Sozialrathaus Sachsenhausen, Paradiesgasse 8, 60594 Frankfurt, Geschäftszeichen: 51.A631 MG / 00122700

hat das Oberlandesgericht Frankfurt am Main, 1. Senat für Familiensachen am 17.09.2020

b e s c h l o s s e n:

I.    Die Beschwerde der weiteren Beteiligten zu 1 gegen den Beschluss des Amtsgerichts – Familiengericht – Frankfurt am Main vom 03.08.2020 wird als unzulässig verworfen.

II.   Der weiteren Beteiligten zu 1. werden die Kosten des Beschwerdeverfahrens auferlegt.

III.  Der Wert des Beschwerdeverfahrens wird auf 5.000,00 € festgesetzt.

<u>Gründe:</u>

I.

Im vorliegenden Verfahren geht es um die Rückführung der minderjährigen Chantalle Jennifer Shirley, geb. am ██.██.2015, nach dem Haager Kindesentführungsübereinkommen (HKÜ) in die USA. Eingeleitet wurde das Verfahren auf Antrag des Vaters vom 13.05.2020.

Die Mutter (weitere Beteiligte zu 1.) flog mit Zustimmung des Vaters (weiterer Beteiligter zu 2.) mit der gemeinsamen Tochter am 19.06.2019 nach Deutschland, um ihre im Sterben liegende Großmutter zu besuchen. Der Rückflug wurde mehrfach verschoben, wobei zunächst der Vater die von der Mutter gewünschten Umbuchungen und später die Mutter wiederholt neue Flugbuchungen vornahm und ihre Rückkehr mit Chantalle immer wieder per Mail gegenüber dem Vater in Aussicht stellte. Letztmals war eine Rückkehr im Juni 2020 beabsichtigt.

- 3 -

Vor ihrer Reise nach Deutschland lebten die weiteren Beteiligten, die auch miteinander verheiratet sind, mit der gemeinsamen Tochter in Florida, USA zusammen. Chantalle besitzt die amerikanische Staatsangehörigkeit. In den USA sind Scheidungs- und Sorgerechtsverfahren anhängig. Der Vater hat die Mutter mehrfach aufgefordert, mit dem Kind in die USA zurückzukehren bzw. Chantalle in die USA zurückkehren zu lassen. Die Mutter kündigt bis heute ihre Rückkehr an und hat im erstinstanzlichen Verfahren selbst vorgetragen, dass Chantalle ab diesem Herbst in den USA die Vorschule besuchen soll.

Das Amtsgericht hat Chantalle eine Verfahrensbeiständin bestellt und die Eltern, das Jugendamt und die Verfahrensbeiständin persönlich angehört. Das Amtsgericht hat ferner ausdrücklich und durch gesonderten Beschluss Termin bestimmt für eine Anhörung des Kindes. Die Mutter brachte das Kind nicht zum Anhörungstermin, sodass Chantalle nicht angehört werden konnte. Im Termin zur Erörterung und persönlichen Anhörung der Eltern vor dem Amtsgericht am 03.07.2020 haben die Beteiligten nach mehrfachen Unterbrechungen, in denen auch die Mutter mit ihrer vormaligen Verfahrensbevollmächtigten Rücksprache halten konnte, eine umfassende Vereinbarung zur Erledigung des vom Vater eingeleiteten einstweiligen Anordnungsverfahrens auf Regelung des Umgangs bis zum Zeitpunkt der Rückkehr von Chantalle in die USA und zur Erledigung des vorliegenden HKÜ-Verfahrens getroffen. Wegen der Einzelheiten wird auf das Protokoll vom 03.07.2020 sowie auf den angefochtenen Beschluss Bezug genommen.

Unter Ziffer 9 haben die Beteiligten die folgende Vereinbarung getroffen:

„Die Beteiligten sind sich darüber einig, sollte der Rückflug nicht wie vereinbart bis zum 09.07.2020 oder bis Vorlage der gemeinsamen Reisedokumente erfolgen, wird das Gericht einen gerichtlichen Beschluss erlassen, mit dem Inhalt Ziffer 1-7 des Antrages vom 13.05.2020. Die Antragsgegnerin erkennt diese Ansprüche hiermit an und verzichtet bereits jetzt auf Rechtsmittel gegen den durch den Beschluss dann erlassenen Beschluss."

- 4 -

Die Vereinbarung wurde auf Tonträger aufgenommen, den Beteiligten nochmals vorgespielt und von diesen genehmigt. Im Umgangsverfahren erließ das Amtsgericht einen gerichtlichen Billigungsbeschluss.

Nachdem Chantalle nicht bis zum 09.07.2020 in die USA zurückgeführt wurde bzw. bis dahin keine aktuellen Reisedokumente vorlagen, hat das Amtsgericht am 03.08.2020 einen dem Antrag des Vaters vom 13.05.2020 entsprechenden Beschluss erlassen, mit dem die Mutter verpflichtet wird, Chantalle innerhalb einer Frist von einer Woche ab Wirksamkeit des Beschlusses in die USA zurückzuführen. Zugleich wurden Vollstreckungsanordnungen erlassen.

Gegen diesen, ihr am 10.08.2020 zugestellten Beschluss wendet sich die Mutter mit ihrer Beschwerde vom 24.08.2020, eingegangen beim Amtsgericht am selben Tag, die sie auch am selben Tage begründet hat.

Mit ihrer Beschwerde begehrt die Mutter, den angefochtenen Beschluss abzuändern und den Rückführungsantrag des Vaters zurückzuweisen.

Der Vater und die Verfahrensbeiständin verteidigen den angefochtenen Beschluss.

Mit Schreiben der Berichterstatterin vom 14.09.2020 wurde die Beschwerdeführerin darauf hingewiesen, dass die Beschwerde im Hinblick auf den im mündlichen Anhörungstermin vom 03.07.2020 vereinbarten Rechtsmittelverzicht nicht statthaft ist und deshalb als unzulässig zu verwerfen sein wird. Hierzu wurde Stellung genommen.

Von einer weitergehenden Darstellung des Sachverhalts wird abgesehen.

- 5 -

II.

Die nach den Vorschriften des §§ 40 Abs. 2 IntFamRVG, 58 ff. FamFG eingelegte Beschwerde ist unzulässig und deshalb gemäß § 68 Abs. 2 Satz 2 FamFG zu verwerfen.

Die Unzulässigkeit folgt aus § 67 Abs. 3 FamFG. Gemäß § 67 Abs. 3 FamFG ist die Beschwerde unzulässig, wenn ein Beteiligter gegenüber einem anderen einen Rechtsmittelverzicht erklärt und sich dieser sodann darauf beruft.

Die anwaltlich vertretene Mutter hat im Anhörungstermin am 03.07.2020 unter Ziffer 9 Satz 2 der abgeschlossenen Vereinbarung u.a. zur Erledigung des vorliegenden HKÜ-Verfahrens auf die Einlegung eines Rechtsmittels gegen einen zu erlassenden Rückführungsbeschluss gegenüber allen Beteiligten und damit auch gegenüber dem antragstellenden Vater verzichtet. Der Vater hat sich auf diesen Rechtsmittelverzicht in seiner Beschwerdeerwiderung vom 08.09.2020 ausdrücklich berufen.

Entgegen der von der Mutter vertretenen Auffassung ist der Verzicht auch nicht deshalb unzulässig, weil er noch vor Beschlusserlass erklärt wurde. Zwar wäre der gegenüber dem Gericht noch vor Beschlusserlass erklärte Verzicht auf ein Rechtsmittel unzulässig, da einem solchen Verzicht der eindeutige Gesetzeswortlaut zur zeitlichen Beschränkung (..."nach Bekanntgabe...") des § 67 Abs. 1 FamFG entgegenstünde. Jedoch wurde der Verzicht durch die Mutter in der von den Beteiligten in der mündlichen Verhandlung getroffenen Vereinbarung erklärt und damit gegenüber einem anderen Beteiligten i.S.d. § 67 Abs. 3 FamFG. § 67 Abs. 3 FamFG aber enthält im Gegensatz zu § 67 Abs. 1 FamFG keine zeitliche Beschränkung des Verzichts, der Verzicht kann daher zu jedem Verfahrenszeitpunkt (Prütting-Helms/Abramenko, FamFG, 5. Aufl., § 67 Rn. 16 m.w.N.; Zöller/Feskorn, ZPO, 34. Aufl., § 67 FamFG Rn. 4; Keidel/Sternal, FamFG, 20. Aufl., § 67 Rn. 12; Johannsen/Henrich/Althammer, Familienrecht, 7. Aufl., § 67 FamFG Rn. 5; BeckOK FamFG/Obermann, Stand: 01.07.2020, § 67 FamFG Rn 11) und deshalb auch schon vor Beschlusserlass erklärt werden. Der

- 6 -

Gegenauffassung (MüKo-FamFG/Fischer, 3. Aufl., § 67 Rn. 24; Kemper/Schreiber/Klußmann, Familienverfahrensrecht, 3. Aufl., § 67 Rn. 5) folgt der Senat nicht. Soweit die Gegenauffassung bemängelt, dass die im Zivilprozess seit langem anerkannte Möglichkeit eines Rechtsmittelverzichts schon vor Erlass der Entscheidung in § 67 FamFG vom Gesetzgeber nicht umgesetzt worden sei (so MüKo-FamFG/Fischer, 3. Aufl., § 67 FamFG Rn. 24), vermag diese Argumentation vor dem Hintergrund des klaren Wortlauts nicht zu überzeugen. Soweit die Mutter mit Klußmann (Kemper/Schreiber/Klußmann Familienverfahrensrecht, 3. Aufl., § 67 FamFG Rn. 5, nicht Friederici/Kemper-Klußmann) argumentiert, Abs. 3 sei ersichtlich als Ausnahme der erkennbaren Grundnorm des Abs. 1 formuliert, so kann diese Auslegung weder dem Wortlaut noch der Gesetzesbegründung entnommen werden (vgl. BT.Drucks 16/6308, S. 167, 207).

Die Wortlaute der Abs. 1 und 3 sind eindeutig (vgl. Prütting-Helms/Abramenko a.a.O. m.w.N.) und unterscheiden sowohl hinsichtlich des Adressaten als auch des Zeitpunktes. Im Fall des Abs. 3 ist der Zeitraum ausgedehnt, weil der Verzicht in Form einer Erklärung gegenüber einem Verfahrensbeteiligten erfolgt und hierin regelmäßig eine Absprache zu sehen ist. Jedenfalls soweit der bereits vor Entscheidungserlass erklärte Rechtsmittelverzicht in Form einer Vereinbarung erfolgte, muss er als Ausfluss der Dispositionsmaxime ohne zeitliche Beschränkung möglich sein, insbesondere soweit es sich – wie hier - nicht um ein reines Amtsverfahren, sondern um ein Antragsverfahren handelte.

Es musste sich auch nur der Vater auf den Rechtsmittelverzicht berufen, da er Erklärungsempfänger des Verzichts war und er allein in dem vorliegenden Antragsverfahren (vgl. Artikel 8 HKÜ) die Disposition über das Verfahren hatte und somit der maßgebliche Adressat des Verzichts war (vgl. MüKo-FamFG/Fischer, 3. Aufl., § 67 Rn. 26).

Da es sich vorliegend um ein Antragsverfahren handelt, kommt es auch nicht darauf an, ob § 67 Abs. 3 FamFG auf Antragsverfahren oder echte Streitverfahren beschränkt ist (vgl. Prütting-Helms/Abramenko a.a.O. m.w.N.).

- 7 -

Nicht nachvollziehbar bleibt der Vortag der Mutter zur vollmachtlosen Vertretung durch ihre Anwältin. Die Mutter hat die Vereinbarung selbst als Beteiligte mit abgeschlossen, sie war anwaltlich vertreten, und die erstinstanzliche Sitzung war laut Protokoll vor Abschluss und Protokollierung der Vereinbarung mehrfach unterbrochen worden.

Unbeschadet dessen aber wäre die Beschwerde auch in Gänze unbegründet.
Die Voraussetzungen des Art. 12 i.V.m. Art. 3 HKÜ sind erfüllt. Gem. Art. 12 Abs. 1 HKÜ ist die sofortige Rückgabe eines Kindes anzuordnen, wenn das Kind im Sinne von Art. 3 HKÜ widerrechtlich in einen Vertragsstaat verbracht oder dort zurückgehalten worden ist und bei Eingang des Antrags auf Rückführung die Jahresfrist des Art. 12 HKÜ noch nicht abgelaufen ist.
Die Jahresfrist des Art.12 HKÜ ist nicht verstrichen, da die Mutter mit Chantalle am 19.06.2019 nach Deutschland kam und der Rückführungsantrag des Vaters vom 13.05.2020 am 15.05.2020 beim Amtsgericht Frankfurt einging.
Die Eltern besitzen die gemeinsame elterliche Sorge für Chantalle, insoweit wird nur auf die Entscheidung des amerikanischen Gerichts vom 18.04.2020 Bezug genommen.
Das Sorgerecht wurde vom Vater zum Zeitpunkt des widerrechtlichen Zurückhaltens im Sinne des Art. 3 Satz 1 lit b HKÜ tatsächlich ausgeübt. Er mahnte immer wieder die Rückkehr seiner Tochter und reiste im Dezember 2019 nach Deutschland, traf die Mutter jedoch nicht, die ihm vielmehr jegliche Kontaktaufnahme verweigerte. Es ist auch völlig unstreitig zwischen den Beteiligten, dass sich vor dem Verbringen des Kindes dessen gewöhnlicher Aufenthalt in den USA befand. Die Mutter hat selbst vorgetragen, die Tochter für den Herbst 2020 in der amerikanischen Vorschule angemeldet zu haben.

Soweit sich die Mutter schließlich gegen die Anordnung der Rückführung auf Art. 13 Abs. 1 lit. b HKÜ berufen will, sind dessen Voraussetzungen schon nach dem eigenen Vortrag der Mutter offenkundig nicht gegeben. Dass schwerwiegende Gefahren für das körperliche und oder seelische Wohl von Chantalle der Anordnung einer Rückführung entgegenstehen, ist nicht ansatzweise ersichtlich. Die Mutter ist auch nicht gehalten, zum Vater zurückzukehren. Wie das Amtsgericht in seinem

- 8 -

Beschluss zutreffend ausgeführt hat, ist die Mutter lediglich verpflichtet, das Kind in die USA zurückzuführen.

III.

Die Kostenentscheidung beruht auf § 14 Nr. 2 IntFamRVG i.V.m § 84 FamFG. Die Festsetzung des Geschäftswerts hat ihre Rechtsgrundlage in § 14 Nr. 2 IntFamRVG i.V.m. § 42 Abs. 3 FamGKG.

Diese Entscheidung ist unanfechtbar (§ 40 Abs. 2 S. 4 IntFamRVG).

Prof. Dr. Heilmann
Vorsitzender Richter am Oberlandesgericht

Wegener
Richterin am Oberlandesgericht

Gottschalk
Richterin am Oberlandesgericht

# TAB B - WORKING ENGLISH TRANSLATION SUMMARY

## German EAUG / Umgang access-contact order-chain - 1 UF 183/20 / 451 F 94/20 EAUG

**Document 1:** Higher Regional Court Frankfurt am Main, Decision, case 1 UF 183/20 / 451 F 94/20 EAUG, concerning Umgang / access-contact with the minor child. Decision dated September 15, 2020; issued September 16, 2020.

**Operative decision:** The appeals of appellants no. 2 and no. 3 against the District Court - Family Court - Frankfurt am Main order dated July 6, 2020 were dismissed as inadmissible. Appellant no. 1 bears the costs of the appeal proceeding. The appeal value was set at EUR 1,500.

**Participants:** The order lists Mother as appellant no. 1 and mother; maternal grandmother as appellant no. 2 and grandmother; Julia Mavill as appellant no. 3 and half-sister of the child; and Father as the child's father. The youth welfare office is also listed.

**Access lane:** The court states that the temporary-order proceeding concerned Father's access/contact with his daughter. It states that the appeal subject was located exclusively in the Umgang / access proceeding.

**Separate from HKU:** The court explains that the fact that the HKU proceeding was also to be ended did not change the classification of the matter as a temporary-order access proceeding or the subject of the appeal.

**Timeliness / costs:** The court further states the appeal would have been out of time because it was not filed within the two-week deadline. Costs were imposed on appellant no. 1 because the legal remedy was unsuccessful and the accompanied-access arrangement involving appellants no. 2 and no. 3 was made at Mother's initiative.

**Value / signatures:** The value determination cites German statutory provisions. The order is signed by Prof. Dr. Heilmann, Wegener, and Gottschalk and was issued in Frankfurt am Main on September 16, 2020.

**Document 2:** A separate partial copy from the District Court - Family Court - Frankfurt am Main, case 451 F 94/20 EAUG, dated July 6, 2020, is also included. The supplied copy appears fragmentary and partially visible. It identifies the child matter concerning access/contact and lists the child, guardian ad litem, Father, Mother, counsel, and the Family Court.

1 UF 183/20 | UMGANG FROM 1 UF 191/20 + 451 F 71/20 HKU
451 F 94/20 EAUG | UMGANG EINSTWEILIG ?
Amtsgericht Frankfurt/Main



# OBERLANDESGERICHT FRANKFURT AM MAIN

## BESCHLUSS

In der Familiensache

betreffend den Umgang mit

Chantalle Jennifer Shirley, geb. am 18.04.2015,

Verfahrensbeiständin:
Rechtsanwältin Kyra Nehls, Steingasse 2,
61184 Karben,

weitere Beteiligte:

1. Monika Margarethe Mavill, geb. Mavill, c/o Mavill, Mittlerer Hasenpfad 41,
60598 Frankfurt am Main,

- Beschwerdeführerin zu 1. und Mutter,

2. Danuta Mijkolajczak, Mittlerer Hasenpfad 41, 60598 Frankfurt am Main,

- Beschwerdeführerin zu 2. und Großmutter,

3. Julia Mavill, Mittlerer Hasenpfad 41, 60598 Frankfurt am Main,

- Beschwerdeführerin zu 3. und Halbschwester des Kindes,

Verfahrensbevollmächtigte zu 1, 2, 3:
Rechtsanwältin Dr. Helga Müller, Ziegelhüttenweg 19,
60598 Frankfurt am Main,

Beschluss mit vollem Rubrum (EU_UB_00.dot)

- 2 -

4. Wayne Robert Shirley, 14779 1ST Avenue East, USA 34212 Brandenton, Florida, USA,

- Vater

Verfahrensbevollmächtigter:
Rechtsanwalt Harald Weisker, Jahnstraße 14, 63110 Rodgau,
Geschäftszeichen: W/h 46/20

Zuständiges Jugendamt:
Jugend- und Sozialamt Frankfurt Sozialrathaus Sachsenhausen, Paradiesgasse 8,
60594 Frankfurt,
Geschäftszeichen: 51.A631 MG / S 872607

hat das Oberlandesgericht Frankfurt am Main, 1. Senat für Familiensachen,
am 15.09.2020

b e s c h l o s s e n :

I.      Die Beschwerde der Beschwerdeführerinnen zu 2. und 3. gegen den Beschluss des Amtsgerichts – Familiengericht – Frankfurt vom 06.07.2020 wird als unzulässig verworfen.

II.     Der Beschwerdeführerin zu 1. werden die Kosten des Beschwerdeverfahrens auferlegt.

III.    Beschwerdewert: 1.500,-- €.

G r ü n d e :

Die Beschwerde der Beschwerdeführerinnen zu 2. und 3. war nach Rücknahme der Beschwerde der Beschwerdeführerin zu 1. als unzulässig zu verwerfen, da sie bereits nicht statthaft ist. Die Entscheidung des Familiengerichts, nämlich der gem. § 156 Abs. 2 S. 2 FamFG ergangene Billigungsbeschluss einer gem. § 156 Abs. 2 S. 1 FamFG im einstweiligen Anordnungsverfahren geschlossenen Umgangsvereinbarung ist gem. § 57 Satz 1 FamFG nicht anfechtbar. Das vorliegende einstweilige Anordnungsverfahren betreffend den Umgang des Vaters mit seiner Tochter Chantalle ist keine Katalogsache gem. § 57 Satz 2 FamFG. Der Beschwerdegegenstand ist ausschließlich im Umgangsverfahren, zu dessen Erledigung die Vereinbarung geschlossen wurde, zu verorten. Dass mit dem

- 3 -

...eich auch noch das HKÜ-Verfahren beendet werden sollte, ändert weder

...as an der Zuordnung als einstweiliges Anordnungsverfahren betreffend den

...gang noch an dem Beschwerdegegenstand.

...e Beschwerdeführerinnen waren auf die Unzulässigkeit ihrer Beschwerde vom

...orsitzenden des Senats hingewiesen worden. Auf den Hinweis erfolgte die

...Rücknahme (nur) durch die Beschwerdeführerin zu 1.

Ungeachtet dessen wäre die Beschwerde auch verfristet gewesen, da sie nicht
binnen der Zwei-Wochen-Frist des § 63 Abs. 2 Nr. 1 FamFG eingelegt wurde. Da
die Beschwerde gegen eine im einstweiligen Anordnungsverfahren auf Umgang
ergangene Entscheidung – wie ausgeführt – nicht statthaft ist, war auch keine
Rechtsmittelbelehrung zu erteilen, weshalb bereits aus diesem Grund eine
Wiedereinsetzung in die versäumte Beschwerdefrist ausschiede.

Die Kosten des Beschwerdeverfahrens trägt die Beschwerdeführerin zu 1. gem.
§§ 84, 81 FamFG. Es besteht vorliegend kein Anlass, vom gesetzlichen Regelfall
abzuweichen, dass derjenige die Kosten des Rechtsmittelverfahrens zu tragen
hat, dessen Rechtsmittel ohne Erfolg geblieben ist. Die Auferlegung der gesamten
Kosten auf die Beschwerdeführerin zu 1. entspricht billigem Ermessen, da die
Regelung eines begleiteten Umgangs durch die Beschwerdeführerinnen zu 2. und
3. auf Anregung der Mutter erfolgte.

Die Wertfestsetzung findet ihre Rechtsgrundlage in §§ 40, 41, 45 Abs. 1 Nr. 2
FamGKG.

Prof. Dr. Heilmann
Vorsitzender Richter am Oberlandesgericht

Wegener
Richterin am Oberlandesgericht

Gottschalk
Richterin am Oberlandesgericht

Ausgefertigt
Frankfurt am Main, 16. September 2020

Werner, Justizsekretärin
Urkundsbeamtin-/beamter der Geschäftsstelle

Tab B - EAUG OLG German original page 4 of 4



**Tab B-2 - EAUG District Court fragment page 1 of 2**

---

**Amtsgericht Frankfurt am Main**
- Familiengericht -
461 F 94/20 EAUG

06.07.2020



# Beschluss

In der Kindschaftssache

betreffend den Umgang mit Chantalle Jennifer Shirley

Beteiligte:

1. Chantalle Jennifer Shirley,
geboren am ██████ 2015
wohnhaft Mittlerer Hasenpfad 41, 60601 Frankfurt am Main

2. Rechtsanwältin Kyra Nehls,
wohnhaft Steingasse 2, 61184 Karben

- Verfahrensbeistand -

3. Wayne Robert Shirley,
geboren am 11.03.1960 in Texas, United States,
wohnhaft 14779 1ST Avenue East, 34212 Brandenton, Florida, VEREINIGTE STAATEN VON
AMERIKA

- Kindesvater -

Verfahrensbevollmächtigter:
Rechtsanwalt Harald Weisker, Jahnstraße 14, 63110 Rodgau
Geschäftszeichen: W/h 46/20

4. Monika Margarethe Mavill geb. Mavill,
geboren am 03.09.1974 in Lodz, Polen,
wohnhaft c/o Mavill, Mittlerer Hasenpfad 41, 60598 Frankfurt am Main

- Kindesmutter -

Verfahrensbevollmächtigte:
Rechtsanwältin Konstanze Gerdien, Zeil 13, 60313 Frankfurt am Main
Geschäftszeichen: 71/20 KG

Tab B-2 - EAUG District Court fragment page 2 of 2

Gerichtsfach: 462

hat das Amtsgericht - Familiengericht - Frankfurt am Main
durch die Richterin am Amtsgericht Fendler
am 06.07.2020 beschlossen:

# TAB C

**Florida October 16, 2020 amended ex parte / supervised-timesharing order**

**Record relevance:** Establishes the supervised-timesharing framework and the named provider path reflected in the Florida order-chain.

Filing # 115126229 E-Filed 10/16/2020 03:47:34 PM

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT,
IN AND FOR MANATEE COUNTY, FLORIDA**

IN RE THE MATTER OF:                     Case No.: 2019-DR-000327
WAYNE R. SHIRLEY,                        Division: 3
    Petitioner,

    and

MONIKA M. SHIRLEY,
    Respondent.

**AMENDED ORDER GRANTING VERIFIED EMERGENCY MOTION FOR _EX PARTE_
TEMPORARY SOLE PARENTAL RESPONSIBILITY AND SUPERVISED
TIMESHARING AND TEMPORARY EXCLUSIVE USE AND POSSESSION OF
RESIDENCE
(Amended as to Petitioner's Address)**

    This Court, having reviewed the Emergency Motion for _Ex Parte_ Temporary Sole Parental Responsibility and Supervised Timesharing and Temporary Exclusive Use and Possession of Residence, reviewed the exhibits and taken judicial notice of the parties' prior court proceedings, and being fully apprised in its premises, does hereby make the following finds of fact and conclusions of law:

1. Presently pending before this Court is the Petitioner's Petition to Determine Parental Responsibility and Parenting Plan

2. There is one minor child common to the parties, to wit, C▇▇▇▇▇▇ J▇▇▇▇▇ S▇▇▇▇▇, born ▇▇/2015.

3. There are sufficient extraordinary circumstances to grant the Motion _ex parte_ on a temporary basis. In sum, the Respondent has an established history of absconding with the child and there is a clear risk she will do so again.

4. On a temporary basis the Petitioner shall have sole parental responsibility of the minor child. The Respondent shall have supervised timesharing with the minor child at Kids and Families Matter. The parties shall contact the visitation center within forty eight (48) hours of receipt of this Order to coordinate the visits. At a minimum the Respondent may have timesharing one day per week. At all other times the Petitioner shall have timesharing with the child.

5. On a temporary basis the Petitioner shall have exclusive use and possession of the home located at 14779 1st Ave E Bradenton, FL 34212. The Respondent shall immediately vacate the residence and shall not return to the residence until further Order of this Court.

6. An evidentiary hearing on this Motion shall take place, with notice to the Respondent, before the General Magistrate within four (4) weeks from the date of this Order. The hearing will be conducted via Zoom video Conference. An Order of Referral to Magistrate will be entered under separate cover. Counsel for the Petitioner shall immediately contact the Magistrate's office to obtain a hearing date.

7. Law enforcement is ordered to enforce this Order including but not limited to the removal of the Respondent from 14779 1st Ave E Bradenton, FL 34212.

8. The Court shall retain jurisdiction of this cause for the purposes of enforcing, construing, interpreting, or modifying the terms of this Order.

**DONE AND ORDERED** in Chambers at Bradenton, Manatee County, Florida on the _____ day of October, 2020.

_Signed by STEPHEN WHYTE, Circuit Judge  19.10.2020 14:54:20 p5620467_

HONORABLE STEPHEN MATHEW WHYTE
CIRCUIT COURT JUDGE

# TAB D

## Kids and Families Matter May 15, 2023 closure / no-services communication

**Record relevance:** Shows that the previously identified supervised-visitation provider was no longer accepting new clients and could not provide services for this family.

From: M M hibymo@aol.com
Subject: Re: For Mother's Day THE COURT ADREES 2021 2022 2023 THE MONEY 1000 $ REQUEST ...
Date: May 24, 2023 at 03:15:34
To: Pamela Gersbach kidsandfamiliesmatter@gmail.com
Cc: lee.white@jodatlawgroup.com, RA.Weisker@t-online.de, Wayne Shirley txtstepper@live.com, danuta~~~~~o@t-online.de, J~~~~~~~~@gmail.com

Ms Gersbach , You are still in contract with the Court in Bradenton all our communication withMR LEE WHITES EXCELLENT KNOWLEDGE to CHILDS WEFARE AND BEST ME BEGGING JODDAT LAW FIRM ... FOR THREE LONG YEARS . Please i form the Court about this MATTER as I PERMAMENTLY DO ! The Orders have been made clear at Request of JODAT LAW GROUP and approved by this COURT . YOU ASKED FOR MONEY MS GERSBACH to courts and the police information ! Thank You . Sincerely , M. Shirley

.

On May 15, 2023, at 13:11, Pamela Gersbach <kidsandfamiliesmatter@gmail.com> wrote:

Mr White,
I am sorry to inform you that Kids and family's matter is no longer accepting new clients and will not be able to provide any support for this family.  We have closed our offices and unfortunately are no longer able to provide supervised visitations.
Please have them contact Ms. Leslie Howell at Manatee Parenting Time as she will hopefully be able to assist you.  She additionally offers other services which could prove to be very valuable for this family.
Additionally I have had no direct contact with this family, nor set up or provided any services for this family; therefore i have no information to offer the court.  If they insist on my presence, the fee which must be paid in advance is $750. for  half day and $1000. for full day stand by and testimony.

Thank you,
Pamela Gersbach
9415277500

On Sun, May 14, 2023 at 2:16 PM M M <hibymo@aol.com> wrote:

MR LEE WHITE WHEN IS THE COURT ORDERED PRE TRIAL MEETING TO CHILDS WELFARE ESPECIALLY I AM WAITING SINCE THE TRIAL READY .. for over 1 YEAR !!! I NEED TO SEE THE CHILD I NRED MRS GERSBACH INFO MR LEE WHITE ! ! !

.

On May 14, 2023, at 14:13, M M <hibymo@aol.com> wrote:

.

.

On May 14, 2023, at 14:08, M M <hibymo@aol.com> wrote:

PLZ RESPOND TO CHILDS BEST THX !!

.

On May 14, 2023, at 14:05, M M <hibymo@aol.com> wrote:

WAYNE PLZ TRANSFER MIN 2 K TO SEE AT LEAST CHANTI AT ORDERED MINIMUM per week ... THX DO YOU NEW THE JOINT OR ACOUNT INFO ?  PLZ TRANSFER 1000$ FOR MS GERSBACH FOR THE TRIAL ! PLZ TRANSFER ME SURVIVING MONEY YOU R MY SPONSOR THX . PS DO YOU KNOW MRS GERSBACH ADDRESS ???

.

On May 12, 2023, at 22:00, Wayne Shirley <txtstepper@live.com> wrote:

**Hi. I don't expect you to do anything different this Mother's Day than you have at any**

other special day.  But C~~lar~~ made you some things at school, just as she has the last three years.  And except that this year she seems to have given up on any hope of you contacting her.  But now that she can write I'm encouraging her to write you an email from this account.  It would be nice if you could at least answer it.  Would you please?

She's your daughter.  And every Mother's Day you haven't even tried to let us contact you.  For her sake, will you this Sunday?
--
**Take Care,**

**Pamela Gersbach, MSW**
**Kids and Families Matter Program Director**
**941-527-7500**

Picture

🖻

**Kids and Families Matter**
**Supporting Families as a part of the solution**
**Professional Supervised Visitations & Monitored Exchange Services**
**www.kidsandfamiliesmatter.com**

# TAB E

## April 12, 2026 Father email / Our Family Wizard communication statement

**Record relevance:** Shows the current access-obstruction issue alleged after final judgment: parent platform communication was stated as not for direct child communication.

From: **Wayne Shirley** txtstepper@live.com
Subject: **Re: Tomorrow after Church**
Date: **Apr 12, 2026 at 15:08:05**
To: M M hibymo@aol.com

Hi,

I'm sorry it had to end up this way, but this is best for everyone, especially Chanti.

Please read the Judge's decision. The communication you wrote about is supposed to be between us. It is not for you to communicate with Chanti.

responsibilities under this Parenting Plan.

XII.    **COMMUNICATION**

1. **Between Parents**

Any communications between the parents shall be made using **Our Family Wizard.**

If you want to communicate with me then please confirm that yes, this is what you meant. If not then please let me know also.

Monika,

You've had years to communicate with her and I've bent over backwards to get you to, but you've chosen not to. I have an old phone log and it shows I called your number over 100 times so Chanti could talk to you and we only got you Once. And you talked with her less than 4 minutes and then had to go. And you did not call even once to talk to her, ever. The same kind of thing with Skyping, a few skypes and then nothing for 4 years plus now. The court determined it is in Chanti's best interest if things stay as they have been.

Again, I'm sorry it had to end up this way. It was never my intention to hurt you.

This will be my last email to you since the court has ordered us to communicate through Our Family Wizard. I will figure it out and get back to you through it. I'm just very slammed at work right now since it's tax season, three days before the tax deadline.

Take care,

Wayne

**From:** M M <hibymo@aol.com>
**Sent:** Saturday, April 11, 2026 9:24 PM
**To:** txtstepper@live.com <txtstepper@live.com>
**Subject:** Tomorrow after Church

. This message is sent solely to comply with the court-ordered OFW communication channel and under protest, without waiver of any preserved objections.

The first call should be tomorrow, Sunday afternoon after church, and it should be a longer call. I request approximately 20 to 30 minutes for that first Sunday call.

Going forward, I request one daily phone or video contact with C█████ at a consistent child-appropriate time. On weekdays, I request approximately 10 minutes. On weekends, I request approximately 20 to 30 minutes.

Please provide a fixed daily time window and ensure C█████ is ready for the call at that time. If a scheduled call is missed, interrupted, disconnected, or cannot occur for technical reasons, please provide a make-up time later the same day, or the earliest time the next day, so daily contact is maintained.

Please keep the calls calm and child-focused and do not interrupt, disconnect, or speak over the call except if technical assistance is actually needed.M.

# TAB F

## June 16, 2026 OSC / possible filing-restriction order

**Record relevance:** Shows the July 14, 2026 order-to-show-cause posture and the access-to-courts urgency connected to the federal access filing.

Filing # 250443973 E-Filed 06/16/2026 09:50:38 AM

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA

IN RE:
**WAYNE SHIRLEY**
  **Petitioner,**

**and**          **CASE NO.:   19-DR-327 AX**

**MONIKA R. SHIRLEY**
  **Respondent.**

_____/

## ORDER DENYING RESPONDENT'S MOTION AND SETTING MATTER FOR ORDER TO SHOW CAUSE

THIS CAUSE having come before the court upon the 6/15/2026 filing stated above and the court having reviewed the motion and court file, and being otherwise fully advised, it is hereby,

**ORDERED AND ADJUDGED:**

1. Respondent's *Emergency Renewed Request #2* is hereby DENIED summarily without a hearing.

2. Where the allegations of Rule 1.540(b) motion do not give rise to a right to relief, an evidentiary hearing on those allegations is not required. *Cottrell v. Taylor, Bean & Whitaker Mortg. Corp.*, 198 So. 3d 688, 691 (Fla. 2d DCA 2016).

3. The grounds raised in the Respondent's motion have been previously raised in other filings and also are not applicable in this case.

4. To the extent the 06/15/2026, filings seek temporary relief, the Court finds it is unavailable as a matter of law. Generally, a court may not modify a final judgment on a temporary basis pending a final hearing on a petition for modification unless there is an actual, demonstrated emergency. See, *Smith v. Crider*, 932 So. 2d 393, 398 (Fla. 2d DCA 2006) citing *Gielchinsky v. Gielchinsky,* 662 So.2d 732, 733 (Fla. 4th DCA 1995). All of the 5/6/2026, 5/8/2026, 5/11/2026, 5/18/2026 and now these 6/145/2026 filings and motions fail to allege the existence of any genuine emergency.

5. The filings continue to be repetitious and frivolous filings without any merit or legal justification.1

6. The Court recognizes the critical importance of the rights of self-representation and access to the courts but hereby cautions the Respondent that those rights are not absolute. A citizen abuses the right to pro se access by filing repetitious and

---

1 When a pro se litigant files frivolous lawsuits or pleadings in a lawsuit, the court has the authority to restrain such a litigant from abusing the legal system and prevent him from abusing, annoying, or harassing those against whom such suits or pleadings have been filed and that requiring plaintiffs to have representation by counsel in future cases when plaintiffs have previously filed frivolous lawsuits or pleadings pro se does not equate to the complete denial of access to courts. *Sapp v. State*, 238 So. 3d 875 (Fla. 5th DCA, 2018)

frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims. *Ardis v. Ardis*, 130 So. 3d 791, 793 (Fla. 1st DCA 2014).

7. The Respondent was previously warned on at least three occasions that this right is not absolute and the continuous filings by the Respondent filings substantially interfere with the orderly process of judicial administration may result in sanctions being imposed. See, *Johnson v. Wilbur*, 981 So. 2d 479, 481 (Fla. 1st DCA 2008).

8. The Court has been forced to devote a portion of its finite resources to a review of the Respondent's repetitious and frivolous motion, and in generating this order, therefore diminishing the court's ability to devote these finite resources to legitimate claims. As previously warned, if there was a future violation of the Court's Order sanctions will be imposed, which will include a prohibition on any filing by Respondent that is not signed by a member of the Florida Bar.

9. Due to the three or more separate warnings, the Respondent is hereby ordered to appear in person at the date and time set forth below and show cause why sanction(s) should not be imposed for her frivolous and repetitive filings described above, including but not limited to an order terminating the Respondent's right to proceed pro se in this action and the prohibition on any filing by the Respondent that is not signed by a member of the Florida Bar.[2]

PLACE:     MANATEE COUNTY JUDICIAL CENTER
           1051 MANATEE AVENUE WEST – COURTROOM 3-D
           BRADENTON, FL 34205

DATE:      JULY 14, 2026

TIME:      1:30 P.M. (15 minutes)


**DONE and ORDERED** in Chambers, at Manatee County, Florida on (date affixed to signature below)

eSigned by KENNEDY LEGLER, Circuit Judge 06/16/2026 09 12:42 K7XrTHvN
**KENNEDY LEGLER**
Circuit Court Judge

---

2 Failure to appear in person at the hearing will result in the Court taking the appropriate action to include dismissal of the case, striking the pleadings, removing Respondent's ability to file anything further in the Court file without a licensed representative from the Florida Bar.

## SERVICE CERTIFICATE

On June 16, 2026, the Court caused the foregoing document to be served via the Clerk of Court's case management system, which served the following individuals via email (where indicated). On the same date, the Court also served a copy of the foregoing document via First Class U.S. Mail on the individual who do not have an email address on file with the Clerk of Court.

Daphane Dee Clements-Stevens, Esq.
daphane@mulocklaw.com
Attorney for Petitioner

Wayne R. Shirley
txtseepper@live.com
Petitioner

Monika M. Shirley
hibymo@aol.com
Pro Se Respondent

# TAB G - ACCESS-STATUS TIMELINE

## One-page access-only summary

**Purpose:** narrow ICARA / Hague Article 21 access-rights petition. This summary separates access and child-status issues from any separate custody-merits, rehearing, appeal, or state-court issues.

**2015:** Child born in Florida. Mother remains a parent; the federal access packet does not frame parental rights as terminated.

**2019:** Florida Manatee case opened by Father, Case No. 2019-DR-000327-AX. Mother preserves service, personal-jurisdiction, UCCJEA, HKU, and no-waiver issues separately.

**April 21, 2020:** Florida phone hearing occurred during COVID restrictions on Father's return / child-pickup motion. Mother preserves participation and evidence issues separately.

**September 2020:** German records show two separate lanes: HKU return matter 1 UF 191/20 / 451 F 71/20 HKU and EAUG / Umgang access-contact matter 1 UF 183/20 / 451 F 94/20 EAUG.

**October 16, 2020:** Florida amended ex parte order required Mother's timesharing to be supervised at Kids and Families Matter, with a minimum of one day per week stated in the order.

**2021-2022:** Florida hearings continued on the ex parte / supervised-timesharing order-chain. Mother preserves incomplete testimony, evidence, and child-status objections separately.

**May 15, 2023:** Kids and Families Matter wrote that it was no longer accepting new clients, had closed offices, and could not provide supervised visitation or support for this family.

**April 9-12, 2026:** Final Judgment entered; Father then emailed that Our Family Wizard communication was between parents and not for Mother to communicate directly with the child.

**June 16 / July 14, 2026:** State OSC / possible filing restriction creates urgency to preserve lawful access, child-status verification, appeal/writ/source-record lanes, and court access.

**July 8, 2026 requested federal access relief:** expedited status conference; verified child-status information; temporary phone/video bridge; and neutral supervised or therapeutic access if required.